**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4695**

UNITED STATES OF AMERICA,

                   Plaintiff - Appellee,

         v.

IRVIN LYNN EDWARDS,

                   Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.   Henry E. Hudson, District Judge.  (3:05-cr-00501-HEH-1)

Submitted:  February 23, 2017        Decided:  February 27, 2017

Before SHEDD and DIAZ, Circuit Judges, and DAVIS, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Geremy C. Kamens, Federal Public Defender, Caroline S. Platt, Appellate Attorney, Paul E. Shelton, Jr., Research & Writing Attorney, Alexandria, Virginia for Appellant.   Angela Mastandrea-Miller, Assistant United States Attorney, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Irvin Lynn Edwards appeals the district court's judgment revoking his supervised release and sentencing him to nine months' imprisonment and four years' supervised release. Edwards' counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal but questioning whether Edwards' sentence was unreasonable and whether the district court explained its reasons for imposing additional supervised release. Edwards was advised of his right to file a pro se supplemental brief, but he has not filed one. We affirm.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release." United States v. Webb, 738 F.3d 638, 640 (4th Cir. 2013). We "will affirm a revocation sentence if it is within the statutory maximum and is not 'plainly unreasonable.'" Id. (quoting United States v. Crudup, 461 F.3d 433, 438 (4th Cir. 2006)). "When reviewing whether a revocation sentence is plainly unreasonable, we must first determine whether it is unreasonable at all." United States v. Thompson, 595 F.3d 544, 546 (4th Cir. 2010). A sentence is substantively reasonable if the district court states a proper basis for concluding the defendant should receive the sentence imposed, up to the statutory maximum. Crudup, 461 F.3d at 440. A sentence within the applicable

2

policy statement range under Chapter 7 of the Sentencing Guidelines is presumed reasonable.  Webb, 738 F.3d at 642; see U.S. Sentencing Guidelines Manual § 7B1.4 (2005).

Applying these standards, we find that Edwards' within-range prison sentence is not unreasonable, much less plainly so. We also find reasonable the district court's explanation for imposing an additional term of supervised release.  Further, in accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal.  We therefore affirm the district court's judgment.  This court requires that counsel inform Edwards, in writing, of the right to petition the Supreme Court of the United States for further review.  If Edwards requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Edwards.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED